SHERIDAN et al. v. WILLIS.

(Supreme Court, Appellate Division, Second Department. June 9, 1896.)

MUNICIPAL CORPORATIONS—OFFICERS—REMOVAL BY HEAD OF DEPARTMENT.
     The 30 days after the head of a department has "been appointed," within which he may arbitrarily remove subordinates, as provided by Brooklyn. City Charter (Laws 1888, c. 583) tit. 3, § 2, commence to run at the commencement of the term of office of such head of department. and not at the time when he received the appointment.

Appeal from special term, Kings county.

Application by Phillip J. Sheridan and others for a writ of mandamus to compel Theodore B. Willis, as commissioner of the department of city works of the city of Brooklyn, to restore commissioners to the positions held by them in said department. The application was denied, and plaintiffs appeal. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Edward M. Grout, for appellants.
Alfred E. Mudge, for respondent.

BROWN, P. J.   The petitioners in this proceeding were, prior to February 29, 1896, employés in the department of city works in the

city of Brooklyn. On that day the respondent discharged them from their positions, and the sole question presented on this appeal is whether such discharge was lawful. The respondent was appointed commissioner of city works by the mayor on January 21, 1896, for the term of two years from the following 1st day of February, and the certificate of appointment, and the commissioner's oath of office, were on that day filed as required by law; and on January 29th the commissioner's official bond was approved by the common council, and filed with the city clerk. The provision of the charter of the city of Brooklyn applicable to the facts here present is as follows:

"The officer or officers at the head of any department may appoint and remove his and their clerks and assistants and other subordinates and fix their salaries; provided, however, that on and after the expiration of thirty days from the time that a new officer or officers shall have been appointed as such head of department, he or they may remove clerks and assistants only upon filing in writing the reasons for any removal with the city clerk, which reasons shall not be questioned in any other place, except that foreman, inspectors and laborers temporarily employed under the department of city works may be removed at any time at the pleasure of the head of such department." Charter, tit. 3, § 2 (Laws 1888, c. 583).

It is clear that the intent of the legislature was to give to newly-appointed heads of departments 30 days within which to make removals without assigning reasons therefor. This power evidently could not be exercised until the head of the department entered upon the discharge of his duties. The 30 days, therefore, began to run at the commencement of the appointee's term of office. The respondent was appointed on January 21st, but his term of office did not begin until February 1st, and he did not enter upon the discharge of his duties until the latter date. Beginning with that date, for a period of 30 days he was empowered to make removals of employés in his department without assigning any reason for his action. As the petitioners were removed from their positions on February 29th, their discharge, therefore, was lawful.

The order must be affirmed, with $10 costs and disbursements. All concur.

